**NOT FOR PUBLICATION**

# FILED

## UNITED STATES COURT OF APPEALS

MAR 09 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENDO PAINTING SERVICE, INC., <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent. | No. 14-71316 <br><br> NLRB No. 20-CA-080565 <br><br> MEMORANDUM[*] |
| NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, <br><br> v. <br><br> ENDO PAINTING SERVICE, INC., <br><br> Respondent. | No. 14-71541 <br><br> NLRB No. 20-CA-80565 |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted February 21, 2017
Honolulu, Hawaii

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: KOZINSKI, HAWKINS, and BEA, Circuit Judges.

Endo Painting Service, Inc. ("Endo") seeks review of an administrative law judge's order ("the Order"), adopted with modification by the National Labor Relations Board ("the Board"). The Board found that Endo violated the National Labor Relations Act by failing to produce information requested by the International Union of Painters and Allied Trades, Painters Local Union 1791 ("the Union") and by failing to inform the Union, within a reasonable time, that certain requested information did not exist. The Board cross petitions for enforcement of the Order. We have jurisdiction under 29 U.S.C. § 160(e) and (f). We deny Endo's petition for review and grant the Board's petition for enforcement.

1. Substantial evidence supports the Board's determination that Endo committed an unfair labor practice by failing to produce the requested information, because the information was "relevant and necessary" to the administration and negotiation of the parties' collective bargaining agreement ("CBA"). *See* 29 U.S.C. §§ 158(a)(5), 160(e); *Frankl ex rel. NLRB v. HTH Corp.*, 693 F.3d 1051, 1064 (9th Cir. 2012) (citation omitted). The information was relevant because it was related to Union employees' "wages, hours, [and] conditions of employment" and necessary for the Union's investigation into a class grievance filed against Endo. *See Press Democrat Publ'g Co. v. NLRB*, 629 F.2d 1320, 1324 (9th Cir. 1980); *NLRB v.*

2

*Associated Gen. Contractors of Cal., Inc.*, 633 F.2d 766, 770 (9th Cir. 1980). Thus, the Board correctly found that Endo violated its statutory duty to bargain in good faith by failing to furnish the Union with the requested relevant information. *See Frankl*, 693 F.3d at 1064.

Substantial evidence also supports the Board's finding that the Union's information request did not seek confidential information, did not constitute harassment, and was not overbroad, unduly burdensome, or sought in bad faith. Moreover, because an employer's statutory duty to provide requested relevant information is not limited to "information relevant to *grievable* disputes," Endo's objections to the underlying grievance's merits do not excuse its noncompliance. *See NLRB v. Safeway Stores, Inc.*, 622 F.2d 425, 430 (9th Cir. 1980), *cert. denied*, 450 U.S. 913 (1981) (declining to add a grievability requirement to federal labor law); *see also NLRB v. Acme Indus. Co.*, 385 U.S. 432, 436-38 (1967) (rejecting the argument that a grievance's merits limit an employer's statutory duty to disclose requested relevant information).

2. Substantial evidence also supports the Board's finding that Endo committed an unfair labor practice by delaying nearly three months in informing the Union that a requested company organizational chart did not exist. *See* 29 U.S.C. § 160(e). The Union's request for the chart was not complex. Nor did Endo ever inform the Union

that it was difficult to determine whether such a chart existed. Under the totality of the circumstances, Endo's delay was unreasonable. *See W. Penn. Power Co.*, 339 N.L.R.B. 585, 587 (2003) ("In evaluating the promptness of the response, 'the Board will consider the complexity and extent of information sought, its availability and the difficulty in retrieving the information.'") (quoting *Samaritan Med. Ctr.*, 319 N.L.R.B. 392, 398 (1995)).

3. In light of well-established Board policy "that issues regarding a refusal to provide information are not subject to deferral to the grievance-arbitration procedure," the Board did not abuse its discretion by refusing to defer this information-request dispute to arbitration. *Chapin Hill at Red Bank*, 360 N.L.R.B. 116, 122 (2014); *see Acme Indus.*, 385 U.S. at 436-39; *Safeway Stores*, 622 F.2d at 428-29.

**Endo's petition for review of the Order is DENIED. The Board's petition for enforcement of the Order is GRANTED.**[1]

---

[1] The Board's motion for leave to file a response to Endo's supplemental brief is denied as moot.